1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00071-TL-4 |
|---|---|
| Plaintiff, | |
| v. | ORDER ON MOTION TO CONTINUE TRIAL |
| FNU SNEHA, | |
| Defendant. | |

11
12
13
14
15
16

   This matter is before the Court on Defendant Fnu Sneha's Motion to Continue Trial. Dkt. No. 126. Having reviewed the Government's response (Dkt. No. 134), Ms. Sneha's reply (Dkt. No. 137), and the relevant record, the Court GRANTS the motion.

**I.   BACKGROUND**

   On April 19, 2024, Ms. Sneha was arrested and made her initial appearance for this matter. Dkt. No. 10. On April 24, a grand jury returned an indictment against Ms. Sneha and her three co-defendants. Dkt. No. 16. On May 12, Ms. Sneha was arraigned on the indictment. Dkt. No. 28. Trial was set for July 1, 2024. *Id.*

1     On May 12, Defendant Bobby Joe Green filed a motion to continue trial until February

2  10, 2025. Dkt. No. 50. Ms. Sneha joined the motion. Dkt. No. 63. The Court granted the motion

3  on May 28, and trial was reset accordingly. Dkt. No. 66.

4     On May 13, the Government produced "initial discovery." Dkt. No. 134 at 2. The

5  Government made three additional productions of discovery on May 31, September 17, and

6  November 15. *Id.* The Government asserts (and Ms. Sneha does not dispute) that by September

7  17, Ms. Sneha had received "more than 99 percent of the 7,169-page discovery that has been

8  produced in this case." *Id.* The Government acknowledges that some outstanding discovery will

9  be produced in advance of the current trial date. *Id.*

10    On January 8, 2025, a grand jury returned a superseding indictment against Ms. Sneha.

11 Dkt. No. 131. The superseding indictment does not have any new charges but drops some

12 charges and makes some modifications. *Id.*

13    On January 3, Ms. Sneha filed the instant motion to continue trial until May 12, 2025.

14 Dkt. No. 126; *see also* Dkt. No. 137 (reply). The Government opposes. Dkt. No. 134.

##                    II.    LEGAL STANDARD[1]

16    "A trial judge has broad discretion in deciding a motion to continue trial." *United States*

17 *v. Wilke*, No. CR19-5364, 2020 WL 92005, at *2 (W.D. Wash. Jan. 8, 2020) (citing *Morris v.*

---

[1] The Parties do not agree on which legal standard applies here. The Government points to the *Flynt* factors (*see* Dkt. No. 134 at 3–4), while Ms. Sneha points to the standard for an "ends of justice" continuance in the Speedy Trial Act ("STA") (*see* Dkt. No. 137 at 1–2).

As the Court understands the caselaw and the STA, the *Flynt* factors govern the decision to grant or deny a continuance, while the STA ends-of-justice standard governs whether the adjournment time may be excluded. *See, e.g.*, *United States v. Sherwood*, No. CR22-127, 2024 WL 2959685, at *2–3 (W.D. Wash. June 12, 2024) (evaluating *Flynt* factors where defendant sought ends-of-justice continuance); *United States v. Hackett*, No. 22-50142, 2024 WL 5153650, at *1 (9th Cir. Dec. 18, 2024) (holding district court "neither violated the Speedy Trial Act nor abused its discretion when it continued [defendant's] trial for six months due to the COVID-19 pandemic"). Moreover, Ms. Sneha cites no contrary authority evaluating a motion to continue trial under the STA standard.

Accordingly, the Court applies the *Flynt* factors here, as it has before, to determine whether a continuance is appropriate. *See United States v. Shetty*, No. CR23-84, 2024 WL 3638051 (W.D. Wash. Aug. 2, 2024).

*Slappy*, 461 U.S. 1, 11 (1983)); *accord United States v. Sherwood*, No. CR22-127, 2024 WL 2959685, at *3 (W.D. Wash. June 12, 2024); *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir. 2010) (citing *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985)).

In considering a continuance, a court reviews the "*Flynt* factors": "(1) counsel's diligence in preparing his defense prior to the trial date; (2) whether the continuance would satisfy the defendant's needs; (3) the inconvenience a continuance would cause the court and the government; and (4) the extent to which the defendant would suffer harm if the continuance was denied." *Wilke*, 2020 WL 92005, at *2 (citing *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000)) (granting motion to continue trial). "[T]he weight given to any one [of the *Flynt* factors] may vary from case to case." *Kloehn*, 620 F.3d at 1127 (alteration in original) (quoting *Armant v. Marquez*, 772 F.2d 552, 556 (9th Cir. 1985)). "At a minimum, however, in order to succeed, [the defendant] must show some prejudice resulting from the court's denial." *Id.* (quoting *Armant*, 772 F.2d at 557).

### III.    DISCUSSION

#### A.    Diligence

The first factor is counsel's diligence in preparing the defense prior to trial, *Wilke*, 2020 WL 92005, at *2, and whether the request "appears to be a delaying tactic," *Kloehn*, 620 F.3d at 1126. Ms. Sneha proffers multiple reasons for the continuance: assessing immigration consequences of the January 8 superseding indictment (Dkt. No. 126 at 3); deposing Ms. Sneha's mother (*id.* at 3–4); ensuring Ms. Sneha's understanding of the proceedings (*id.* at 4); investigating challenges to potential interpretation issues during trial (*id.*); and review of outstanding discovery (*id.*). The Government argues that defense counsel has "had an ample opportunity" to prepare this matter and could have earlier addressed some of the issues now raised. Dkt. No. 136 at 4. Defense counsel argues that they have diligently prepared, but "to the

extent the Court is persuaded that counsel has not effectively represented Sneha, the Court should grant a continuance to avoid punishing her for counsel's errors." Dkt. No. 137 at 3–5.

The Court finds that this factor weighs slightly in favor of a continuance. It is unclear why defense counsel could not have addressed at least *some* of these issues before now, particularly since Ms. Sneha has had continuous representation by the Federal Public Defender's Office since her initial appearance on April 19, 2024. For example, defense counsel could have deposed Ms. Sneha's mother or investigated issues with interpretation much earlier in this case. Still, the superseding indictment and outstanding discovery are timely issues, and resolving the interpretation challenges may require time due to forthcoming information from the Government (*see id.* at 3). Moreover, defense counsel attests that Ms. Sneha, 19 years old, has demonstrated a "lack of sophistication" that "has become increasingly clear during trial preparation" (*id.* at 3); that despite multiple efforts to help Ms. Sneha understand the proceedings, she has "continued to ask for clarification on basic topics that she and counsel have discussed repeatedly" (*id.* at 4); and that Ms. Sneha may be under the influence of an "undisclosed person" (*id.* at 5). In the Court's view, there are undoubtedly circumstances where even the most diligent counsel cannot fully uncover the complexities of a client's needs in a timely manner, if at all; defense counsel's representations suggest this may be such a case.

**B.      Usefulness of Continuance**

The second factor is "the likelihood that the continuance would serve a useful purpose." *Wilke*, 2020 92005, at *3 (quoting *United States v. Mejia*, 69 F.3d 309, 315 (9th Cir. 1995)). As detailed above, *see supra* Section III.A, Ms. Sneha proffers multiple reasons for the continuance. The Government argues a continuance "will not satisfy the defendant's alleged needs," with attention to immigration consequences and interpretation issues. Dkt. No. 134 at 4–6. Ms. Sneha argues that it would. *See* Dkt. No. 137 at 2–5.

The Court finds that this factor weighs in favor of a continuance. Assessing the immigration consequences of a case, preparing a complete defense, and ensuring a client's understanding of the proceedings against them are all unquestionably useful purposes for a continuance. The additional time will ensure that Ms. Sneha is fully apprised of all her options and can make informed decisions about her case.

**C.     Inconvenience**

"The third factor is whether the continuance would inconvenience the court and the government." *Wilke*, 2020 WL 92005, at *4. The Government argues that a continuance would harm the public's interest in speedy trials. Dkt. No. 134 at 6. It also argues that it has "already spent significant resources" preparing for trial and asked potential witnesses "to block off their schedules to be able to testify," such that a continuance risks witness memory loss and the expenditure of additional resources. *Id.* Ms. Sneha argues that concerns about witness memory are "unwarranted," and that the Government's preparation expenses should not outweigh Ms. Sneha's interests in a continuance. Dkt. No. 137 at 2–3.

The Court finds that this factor is neutral. This matter has been pending for almost one year, and while only one prior continuance has been granted, it was a lengthy continuance. However, "the Government here has not identified any specific witnesses whose memories it is concerned may fade or who may become unavailable." *United States v. Shetty*, No. CR23-84, 2024 WL 3638051, at *2 (W.D. Wash. Aug. 2, 2024). This vague concern, as well as the inconvenience of additional trial preparation or witness coordination that would follow from *any* continuance, do not necessarily caution against a continuance here.

**D.     Prejudice**

"The fourth and most important factor is the extent of the prejudice the defendant would suffer if the continuance was denied." *Wilke*, 2020 WL 92005, at *4 (citing *Zamora-Hernandez*,

222 F.3d at 1049). The Government argues that Ms. Sneha cannot show prejudice, given that the continuance would not address her alleged needs. *See* Dkt. No. 134 at 4–6. Ms. Sneha argues that a continuance would indeed address her needs. *See* Dkt. No. 137 at 3–5.

The Court finds that this factor weighs in favor of a continuance. As discussed above, *see supra* Sections III.A–B, Ms. Sneha has proffered plausible reasons for a continuance, even if defense counsel may have been less than diligent in resolving some of the issues raised. Ms. Sneha's personal circumstances also support a continuance: she "is a teenager with limited English skills and no exposure to the U.S. justice or immigration systems" (Dkt. No. 137 at 4); she "resides across the country" from defense counsel, making it difficult for counsel to develop a "trusting relationship" with her (*id.*); and she is not a U.S. citizen, exposing her to immigration consequences that require discussion and attention (*see id.*). *See also* Dkt. No. 126 at 1–3 (describing personal life and alleged acts). Given these circumstances, proceeding with trial as scheduled presents a tremendous, and unnecessary, risk of harm.

\* \* \*

As the *Flynt* factors weigh in favor a continuance, the Court concludes that a continuance is appropriate under the circumstances of this case.

### IV.   CONCLUSION

Accordingly, Ms. Sneha's Motion to Continue Trial (Dkt. No. 126) is GRANTED. The trial in this matter is RESET to **May 12, 2025**, and the pretrial conference is RESET to **April 25, 2025, at 2:00 p.m.** Ms. Sneha's remaining motions (Dkt. Nos. 127, 128, 129) are STRICKEN as moot.

Dated this 13th day of January 2025.

Tana Lin
United States District Judge