UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>FNU SNEHA,<br><br>　　　　　　　Defendant. | CASE NO. 2:24-cr-00071-TL<br><br>ORDER ON MOTIONS |

This matter is before the Court on Defendant Fu Sneha's Motions to: (1) Waive Sneha's Attendance; (2) Permit Remote Testimony; (3) Suppress Statements; (4) Exclude Statements of Alleged Coconspirators; and (5) Conduct *In Camera* Review. Dkt. No. 171. Having reviewed the Government's Response (Dkt. No. 179), Defendant's Reply (Dkt. No. 186), and the relevant record, the Court ORDERS as follows:

**A. Motion to Waive Sneha's Attendance**

Sneha resides in Indianapolis and does not have the means to return to Seattle for the pretrial conference on April 25, 2025. Dkt. No. 171 at 4. The Government does not oppose

Sneha's request. Dkt. No. 179 at 3. Accordingly, the Court GRANTS Sneha's request to waive her presence at the pretrial conference.

**B. Motion to Suppress Statements**

Sneha requests the Court hold a hearing on the admissibility of her statements and the statements of her alleged co-conspirators on the Friday before trial or outside the presence of the jury on the morning of trial as she does not have the means to travel to Seattle before her trial. Dkt. No. 171 at 4.

      1.      **Sneha's Statements**

While the Government opposes the motion to suppress, it does not oppose Sneha's request for an evidentiary hearing to determine the admissibility of her post-arrest statements. Dkt. No. 179 at 6. As for the timing of the hearing, Sneha requests the hearing be held either the Friday before or the morning of trial (*Id.* at 1) while the Government requests the hearing be held before or at the pretrial conference on April 25, 2025 (Dkt. No. 190 at 3). Sneha cannot afford the cost of a trip to Seattle, as reflected in the Court's prior order granting her motion for travel. Dkt. No. 175. Given the extremely tight budget constraints of the United States Pretrial Services Office, the Court only ordered the office to arrange and pay for non-custodial lodging during the trial. *Id.* Bringing Sneha to Seattle for another hearing would further and unnecessarily strain the budget of that office. Accordingly, the Court GRANTS Sneha's request for an evidentiary hearing, to be held at 2 p.m. on Friday, May 9, 2025.

      2.      **Statements of Alleged Co-Conspirators**

As an initial matter, the Court agrees with the Government (Dkt. No. 179 at 7) that the request to exclude the statements of alleged co-conspirators is more appropriately brought as a *motion in limine*, and, therefore, defense counsel should have consulted with the Government pursuant to Local Criminal Rule 12.7 prior to bringing this (separate) motion. The Government

represents that it does not plan to introduce any statement of Sneha's alleged co-conspirators in its case-in-chief. Dkt. No. 179 at 7. Therefore, the Court DENIES the motion as moot.

**C. Motion to Authorize Remote Testimony by Sneha's Mother**

Sneha requests her mother be allowed to testify remotely. Dkt. No. 171 at 6–7. The Government opposes the request because it believes: (1) the mother's testimony may be introduced to support an affirmative defense for which Sneha has not provided a *prima facie* case (and which is now the subject of a pending *motion in limine* from the Government (Dkt. No. 197)); and (2) the mother has the means to travel to Seattle. Dkt. No. 179 at 4–5. If the Court allows Sneha's mother to testify remotely, the Government requests that she testify via videoconference from a location with reliable internet access and that the Court require the defense to submit "a written description of the procedures [defense] will use to ensure the reliability and trustworthiness of their testimony, jurors' full ability to evaluate their demeanor, and the efficient presentation of the evidence." *Id.* at 6 (quoting *United States v. Pritchard*, No. 23-232-001, 2024 WL 4347815, at *1 (D. Ariz. Sept. 30, 2024)). On reply, defense counsel asserts that Sneha's mother may provide testimony regarding her character. Dkt. No. 186 at 2. Defense counsel further asserts that Sneha's family's financial circumstances have changed in that her father has become disabled, so Sneha now supports her parents and two young siblings. *Id.*

"In every trial the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by rules adopted under 28 U.S.C. §§ 2072–2077." Fed. R. Crim. P. 26. As a general rule, in "both the constitutional principles and the rules of evidence is a preference for live testimony." *United States v. Yida*, 498 F.3d 945, 950 (9th Cir. 2007). However, the "'core' of the Confrontation Clause guarantee" that is at the heart of this issue is "providing the *accused* an 'opportunity to challenge his accuser in a face-to-face encounter in front of the trier

ORDER ON MOTIONS - 3

of fact.'" *United States v. Carter,* 907 F.3d 1199, 1206 (9th Cir. 2018) (emphasis added) (quoting *California v. Green*, 399 U.S. 149, 156–57 (1970)). Therefore, witnesses have been allowed to testify remotely in certain circumstances at the request of a defendant. *See United States v. Swisher*, 360 F. App'x 784, 786 (9th Cir. 2009) (holding rights under the Confrontation Clause were not violated when the district court judge permitted a defense witness unable to appear in person to testify via telephone at defendant's request).[1]

Assuming the accuracy of defense counsel's representations regarding Sneha's parents' change in financial circumstances and the ability of defense counsel to contract with a reliable, professional teleconferencing service for the testimony of Sneha's mother, the Court is inclined to grant Sneha's request. However, the Court will RESERVE ruling at this time until Sneha provides an affidavit or other evidence supporting her counsel's representations, *see* Local Criminal Rule 12(b)(1),[2] and defense counsel provides further written confirmation of the procedures and service that will be used to ensure the reliability and trustworthiness of the remote testimony by Sneha's mother. The decision will, of course, also be subject to any ruling on the pending motion *in limine* with regard to the testimony of Sneha's mother.

**D. Motion for Review of Co-Defendants' Presentence Reports**

Based upon information revealed at co-defendant Sushil Kumar's sentencing, Sneha requests the Court review the presentence reports of co-defendants Sushil Kumar, Bobby Green, and Rajat Rajat for discoverable *Brady* evidence that could be useful for Sneha at trial or

---

[1] Further, the Ninth Circuit has held that "a defendant's right to 'physical, face-to-face confrontation at trial' may be compromised by the use of a remote video procedure only upon a 'case-specific finding' that (1) the denial of physical confrontation 'is necessary to further an important public policy,' and (2) 'the reliability of the testimony is otherwise assured.'" *Carter*, 907 F.3d at 1208 (quoting *Maryland v. Craig*, 497 U.S. 836, 850, 857 (1990)).

[2] Local Criminal Rule 12(b)(1) states that where a motion "requires the consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits and photographic or documentary evidence presented in support of the motion."

sentencing or *Giglio* material that could be used to impeach any person. Dkt. No. 171 at 7–8. The Government does not oppose Sneha's request. Dkt. No. 179 at 8.

Accordingly, the Court GRANTS Sneha's request. With regard to the presentence reports produced to the Court to date, the Court ORDERS the Government to provide to Sneha the following: (1) a redacted copy of Mr. Kumar's presentence investigation report (Dkt. No. 152) that only reveals the section entitled "The Offense Conduct" (*i.e.*, ¶¶ 11–19) as well as ¶ 45, including footnote 3; and (2) a redacted copy of Mr. Green's presentence investigation report (Dkt. No. 146) that only reveals the section entitled "The Offense Conduct" (*i.e.*, ¶¶ 12–20) as well as ¶ 64. The Court will supplement this Order, if appropriate, once it receives and reviews the presentence investigation report for Mr. Rajat. The Court will further ORDER that the complete presentence reports of the co-defendants be made part of the Court's sealed record should an appeal be made.

**E. Conclusion**

Accordingly, the Court ORDERS as follows:

1. The Court GRANTS Defendant's request to waive her presence at the pretrial conference.

2. The Court GRANTS Defendant's request for an evidentiary hearing and SETS the hearing for 2 p.m. on Friday, May 9, 2025.

3. The Court DENIES AS MOOT Defendant's request to exclude the statement of alleged co-conspirators.

4. The Court RESERVES RULING until the pretrial conference on Defendant's request to allow her mother to testify remotely. Defense counsel SHALL submit any evidence supporting this request **by April 23, 2025**.

5. The Court GRANTS Defendant's request for an *in camera* review of her co-defendants' presentence investigation reports for *Brady* and *Giglio* material. The Government SHALL produce to Defendant copies of the reports for Mr. Kumar and Mr. Green redacted consistent with this Order **by April 10, 2025.**

ORDER ON MOTIONS - 5

6. The Court ORDERS that the complete presentence reports of the co-defendants be made part of the Court's sealed record should an appeal be made.

Dated this 8th day of April 2025.

_____
Tana Lin
United States District Judge